Filed 6/26/15  P. v. Moore CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B259435 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA135373) |
| v. | |
| MARQUAN MOORE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Peter Espinoza, Judge.  Affirmed.

Kimberly Howland Meyer, under appointment by the Court of Appeal, for Defendant and Appellant.

No response by Respondent.

_____

In May 2014 Marquan Moore was arrested and charged with burglary when a neighbor phoned the police after seeing Moore trying to break in to Patricia Rossi's South Gate home. The police arrived soon after and found Moore running from the scene. Officers found several discarded pieces of jewelry along Moore's path and later found jewelry belonging to Rossi while Moore was being booked.

In addition to the burglary count, the information alleged that Moore had a previous burglary conviction that qualified as a strike under the Three Strikes law. (Pen. Code, §§ 667, subds. (b)-(j), 1170.12.)[1] Based on the same burglary conviction, the information also alleged that Moore: had been on probation and was therefore ineligible for probation for the new offense (§ 1203, subd. (k)); was required to serve a state prison sentence if convicted (§ 1170, subd. (h)(3)); was eligible for a five-year sentence enhancement under section 667, subdivision (a)(1) [new serious felony conviction with prior serious felony conviction ]; was eligible for a one-year sentence enhancement under section 667.5, subdivision (b) [not remaining free of custody for more than five years].

Moore withdrew his guilty plea before his preliminary hearing and agreed to enter a no contest plea in exchange for a sentence of nine years instead of the potential 17 year maximum. He also admitted the prior burglary conviction. The transcript of that hearing shows that Moore was properly advised of his various trial-related rights and that he agreed to give up those rights. A few weeks later Moore moved to withdraw his plea, but that motion was denied. The record does not include a transcript of that proceeding or any written motion filed on Moore's behalf.

Moore filed a notice of appeal. On April 22, 2015, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she had reviewed the record and had sent Moore a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to. That same day, this court sent Moore a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a

---

[1]     All further undesignated section references are to the Penal Code.

brief raising any issues he wanted us to consider. Moore filed a supplemental brief, but it raised no arguable issues.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.


                                                    RUBIN, J.
WE CONCUR:



        BIGELOW, P. J.



        FLIER, J.